# CARPER v. FITZGERALD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

Argued March 18, 1887. — Decided March 28, 1887.

No appeal lies to this court from an order of a Circuit Judge of the United States, sitting as a judge and not as a court, discharging a prisoner brought before him on a writ of *habeas corpus*

An order of the Circuit Judge of the Fourth Circuit, made at Baltimore, Maryland, that a prisoner brought before him there from Richmond, Virginia, on a writ of *habeas corpus*, shall be discharged, is a proceeding before him as a judge and not as sitting as a court; and it is not con-

verted into a proceeding of the latter kind by a further order that the papers in the case be filed in the Circuit Court of the United States at Richmond, and the order of discharge be recorded in that court.

Rule 34, 117 U. S. 708, explained.

THIS was an appeal from an order discharging a prisoner on a writ of *habeas corpus.* The case is stated in the opinion of the court.

*Mr. R. A. Ayres,* Attorney General of Virginia for appellant.

*Mr. D. H. Chamberlain* and *Mr. Bradley T. Johnston* for appellee. *Mr. William L. Royall* filed a brief for same.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a proceeding before the Circuit Judge for the Fourth Circuit at his Chambers in Baltimore, Maryland, for the discharge of Richard L. Fitzgerald from the custody of H. A. Carper, jailer of Pulaski County, Virginia, under a mittimus from John H. Cecil, a justice of the peace of that county. The petition was presented to the judge in Baltimore, who directed the clerk of the Circuit Court for the Eastern District of Virginia to issue a writ of *habeas corpus,* and make it returnable before him at the United States court-house in Baltimore. The writ was accordingly issued, under the seal of the court, in the usual form of circuit court writs, and made returnable " before the Honorable Hugh L. Bond, judge of our Circuit Court of the United States for the Eastern District of Virginia, sitting at the United States court-house in Baltimore, Maryland." The record shows that the jailer made his return to the writ, and that the petitioner filed a demurrer thereto, upon consideration of which an order of discharge was entered. At the foot of this order was the following:

" And it is ordered that the papers in this case be filed in the Circuit Court of the United States at Richmond, Virginia, and that this order be recorded in said court.

" HUGH L. BOND, *Circuit Judge.*"

From this order the jailer was allowed an appeal to this court by the circuit judge, and the case was docketed here as "an appeal from the Circuit Court of the United States for the Eastern District of Virginia." The form of the docket entry here does not change the character of the proceeding from which the appeal was taken, and that was clearly under § 752 of the Revised Statutes, before the judge sitting as a judge, and not as a court. The act of March 3, 1885, c. 353, 23 Stat. 437, gives an appeal to this court in *habeas corpus* cases only from the final decision of a circuit court.

The order of the judge that the papers be filed, and his order recorded in the circuit court, does not make his decision as judge a decision of the court. Neither does our Rule 34, 117 U. S. 708, adopted at the last term, have that effect. The purpose of that rule was to regulate proceedings on appeals under § 763, from the decision of a judge to the circuit court of the district, as well as under § 764, as amended by the act of March 3, 1885, from a circuit court to this court. Power to make such a regulation was given to this court by § 765 of the Revised Statutes.

*Appeal dismissed.*