## *In re* PALLISER.

(*Southern District, New York.* December 12, 1889.)

HABEAS CORPUS—APPLICATION TO CIRCUIT JUDGE—APPEAL.

The act of congress of March 3, 1885, c. 353, (23 St. 437,) gives an appeal to the United States supreme court in *habeas corpus* cases from the final decision of the circuit court only, and does not cover appeals where the writ is returnable before a circuit judge.

Application for *Habeas Corpus* to LACOMBE, Circuit Judge, by Charles Palliser, charged with an offense in the district of Connecticut.

*Roger Foster*, for petitioner.

*Edward Mitchell*, U. S. Dist. Atty., and *Daniel O'Connell*, Asst. U. S. Dist. Atty.

LACOMBE, J. The point raised here by the defendant is a sharp one. If this were a civil cause, where legislative intent would be largely determinative of doubtful phrases, it would probably be held that his objection is not well taken. Whether or not the same decision would be reached in a criminal case is another question, which, unless good grounds to the contrary are shown, should be determined in proceedings conducted according to the regular and orderly practice in federal courts, whereby there is, in the first instance, a decision upon the law by the district court, and, if desired, a review of such decision by the circuit court, which may, in a proper case, be constituted with two judges; and, if they differ in opinion, they may certify any question of difference to the supreme court. The petitioner's counsel asks to have the questions raised by him decided upon this application, for the reason that, as he insists, should the decision be adverse to him, he would be able to prosecute an appeal to the supreme court,—a tribunal which he assumes he can reach in no other way. He is in error as to the practice. The appeal, in *habeas corpus* cases, which, since the act of March 3, 1885, may be taken to the supreme court, covers appeals only from final decisions of such "circuit court." *Wales* v. *Whitney*, 114 U. S. 565, 5 Sup. Ct. Rep. 1050. It does not cover appeals in *habeas corpus*, where the writ is returnable before a circuit judge. *Carper* v. *Fitzgerald*, 121 U. S. 87, 7 Sup. Ct. Rep. 825. The present proceeding is before the circuit judge, not before the circuit court, which, in this district, has regularly assigned terms for the transaction of criminal business, and a judge specially designated to hold them. Let the writ be dismissed.