## McKNIGHT *v.* JAMES.

ERROR TO THE CIRCUIT COURT OF THE STATE OF OHIO FOR THE SECOND JUDICIAL CIRCUIT.

No. 841. Argued and submitted December 19, 1894. — Decided January 14, 1895.

A writ of error will not go from this court to an order of a judge of a Circuit Court of a State, made at chambers, remanding a prisoner in a *habeas corpus* proceeding.

THIS proceeding was begun by a petition in *habeas corpus* to the circuit court of Franklin County, Ohio, setting forth that the petitioner McKnight was unlawfully deprived of his liberty in the Ohio penitentiary, under a certificate of sentence of the court of common pleas of Wood County, for the crime of forgery. Petitioner charged that there was no judgment or sentence authorizing such certificate ; that the same was therefore void, and said imprisonment without legal authority, and without due process of law.

Under this petition a writ of *habeas corpus* was granted by the Hon. Gilbert H. Stewart, judge of the circuit court of the second circuit, and McKnight ordered to be produced before him in Columbus on August 31, 1894.

Respondent James made return to the writ, setting forth the certificate of sentence, and averring that the court of common pleas of Wood County did render the judgment and pronounce the sentence, by authority of which he held McKnight in custody; that said judgment was afterwards affirmed by the circuit court of Wood County, in a proceeding in error prosecuted by McKnight; that the case was subsequently brought before the Supreme Court of Ohio, on a motion made and filed by this petitioner, and that that court, after reviewing the entire record and proceedings in the lower courts, denied the application, thus affirming the original judgment of the court of common pleas.

Petitioner replied and averred that, after entering a plea of " not guilty," he was brought before the court without counsel, and indigent and unable to procure counsel; but the court proceeded to try him without counsel to defend him, and he was thereby deprived of his constitutional right to have the assistance of counsel in his defence; and that the certificate of sentence also was void in the fact that the requirement that he be kept at hard labor, which appears in such certificate, was not imposed by the court as a part of its sentence, and was wholly unauthorized.

The case was heard September 1, 1894, upon pleadings and testimony, by the Hon. Gilbert H. Stewart, sitting in chambers, and an order made that McKnight be remanded to the custody of the defendant James as warden of the Ohio penitentiary; whereupon the petitioner sued out this writ of error directed to the judge by name.

*Mr. Hiram P. McKnight,* the plaintiff in error, submitted on his brief.

*Mr. J. K. Richards,* Attorney General of the State of Ohio, for defendant in error.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

As, under Rev. Stat. § 709, a writ of error will go from this court only to the final judgment of the highest court of the State in which a decision in the suit can be had, it is evident that our jurisdiction in this case cannot be sustained, unless an order of a judge at chambers remanding a prisoner in a *habeas corpus* proceeding, can be regarded as an order of a "court" within the meaning of this section.

We held, however, in *Carper* v. *Fitzgerald*, 121 U. S. 87, that an appeal did not lie to this court from an order of a Circuit Judge of the United States, sitting as a judge and not as a court, discharging a prisoner brought before him on a writ of *habeas corpus*, for the reason that the act of March 3, 1885, c. 353, 23 Stat. 437, gave an appeal to this court in *habeas corpus* cases only from the final decision of a circuit *court;* and that Rule 34 did not make his decision as *judge* a decision of the *court*, the purpose of that rule being to regulate appeals to the Circuit Court from the final decision of any court, justice, or judge inferior to that court, as well as appeals from the final decision of such Circuit Court to the Supreme Court. As a writ of error from this court can only go to the highest *court* of a State, it follows by analogy that it will not lie to review the order of a judge at chambers.

The jurisdiction of this court was treated in the brief of plaintiff in error as if it turned upon the question whether, under the practice in Ohio, a writ of error lay from the Supreme Court of that State to an order of a circuit judge at chambers — the argument being that it did not, and hence that such judge was the highest court of the State in which a decision in the suit could be had, and a writ of error would, therefore, lie from this court. In this view, petitioner should at least have applied to that court for a writ of error, or had the order of the circuit judge at chambers made the order of the circuit court. If it be true that, under the laws of Ohio, the final order of a circuit *judge* at chambers be the judgment or decree of a circuit *court,* then it is undoubtedly reviewable by the

Supreme Court of Ohio, which is the highest tribunal of Ohio, and is expressly given jurisdiction by statute to review the judgments and orders of the circuit court. But, if this order be not a judgment or decree of a court, then it is not reviewable here, because this court, under § 709, is given authority to review only the judgment and decree of the highest *court* of the State. In other words, the order cannot be the order of a *judge* to defeat the jurisdiction in error of the Supreme Court of Ohio, and at the same time an order of a *court* to confer jurisdiction upon this court to issue a writ of error. The argument in reality defeats itself. Its very strength is also its weakness. By proving that a writ of error will lie from this court, it also proves that a writ of error will lie from the Supreme Court of Ohio, and this fact of itself defeats the jurisdiction of this court. Whether the principle of this case applies to other than *habeas corpus* cases we do not undertake to determine.

The writ of error must, therefore, be

*Dismissed.*