157 U.S. 697
 15 S.Ct. 722
 39 L.Ed. 865
 LAMBERT
v.
BARRETT, Sheriff.
 No. 928.
 April 15, 1895.
 
 Theodore Lambert presented to one of the judges of the circuit court of the United States for the Third circuit, at chambers, on December 28, 1894, his petition for habeas corpus, which alleged that he was restrained of his liberty by the sheriff of Camden county, N. J., under a reprieve granted by the governor of that state December 4, 1894, whereby the execution of a certain judgment of the court of oyer and terminer and general jail delivery of the county aforesaid, entered October 13, 1894, was suspended until January 3, 1895. The petitioner alleged that he was convicted June 15, 1894, of the murder of William Kairer in said court, and on October 13th was sentenced to be hanged December 13th; that afterwards, on November 19th, application was made to the chancellor of the state of New Jersey for a writ of error to remove the judgment and the proceedings therein to the supreme court of New Jersey, which was denied; that December 4th, application was made to the governor for a reprieve to suspend the execution of the judgment, which reprieve was granted on that day, and thereby the execution of the mandate of the court was suspended until January 3. Petitioner further showed that on the 22d day of December the governor issued a death warrant to the sheriff of Camden county, commanding him to execute petitioner on the 3d day of January next; and charged that his imprisonment was illegal, in that the governor had no jurisdiction, warrant, or authority under the laws of the state to grant said reprieve, and that, the day and time having passed for the execution of the sentence of the court, 'it is supposed to have been done in law, and, if not, then said judgment and execution is nil, illegal, and cannot now be lawfully carried into effect.'
 The petition further alleged that by the judgment and sentence of the court, petitioner had been and was now under sentence of death, and unlawfully restrained of his liberty and detained in jail; that under section 9 of article 5 of the constitution of that state the governor had no prerogative, right, or authority to grant the reprieve or issue the death warrant, and that the same was illegal and unlawful, and in violation of the constitution of the United States and of the state of New Jersey; but that by virtue of the death warrant the sheriff intended to execute petitioner on the 3d day of Januray next. And it was further averred that on the 22d day of December application was made to one of the justices of the supreme court of judicature of the state of New Jersey for a writ of habeas corpus, to be relieved of the unlawful restraint of his liberty, and that the application was denied, and petitioner was refused an appeal from the same contrary to the federal and state constitutions; that on the 24th of December an application was made to the chief justice of said supreme court for a writ of certiorari to review the death warrant issued by the governor, and that the same was refused, and an appeal from said refusal and hearing therein were denied, contrary to and in violation of said constitutions. And petitioner alleged that by the action of said justices of the supreme court of the state in refusing him relief in the premises he had been deprived of his rights as a citizen of the United States and the protection of its laws, and in like manner deprived of his liberty, and is about to be deprived of his life. Petitioner therefore prayed that he might be forthwith brought before the circuit court by virtue of the writ of habeas corpus, and be discharged from custody.
 The circuit judge to whom the petition was presented, upon consideration thereof, and the matters therein set forth, refused to issue the writ, whereupon an appeal from the order denying the application was allowed.
 John L. Semple, for appellant.
 Wilson H. Jenkins, for appellee.
 Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 This appeal must be dismissed for want of jurisdiction. The constitution of New Jersey provides that the governor shall have power 'to grant reprieves to extend until the expiration of a time not exceeding ninety days, after conviction.' Const. N. J. art. 5, § 9. The verdict was returned June 15th. Sentence was passed October 13th, and a reprieve for 30 days was granted December 4, 1894. Appellant contends that the word 'conviction' relates to the verdict of the jury, and not to the sentence of the court, and that, therefore, the governor had no power to grant the reprieve, nor subsequently to issue the warrant of execution. But the contention that petitioner cannot be made to pay the penalty for the crime of which he was adjudged guilty, because he was not executed at the time originally designated, by reason of the interposition of the governor at his instance, which petitioner alleges was, as matter of construction of the state constitution, unauthorized, was not sustained by the chief justice of the state nor by the associate justice of its supreme court, to whom, severally, he applied, and their action is not open to review here. With the disposition of state questions by the appropriate state authorities, it is not the province of this court to interfere, and there is no basis for the suggestion of any violation of the constitution of the United States; the denial of due process of law; or deprivation of any right, privilege, or immunity secured to him by the constitution or laws of the United States. Hallinger v. Davis, 146 U. S. 314, 13 Sup. Ct. 105; In re Kemmler, 136 U. S. 436, 10 Sup. Ct. 930; Caldwell v. Texas, 137 U. S. 692, 11 Sup. Ct. 224; In re Converse, 137 U. S. 624, 11 Sup. Ct. 191; McNulty v. California, 149 U. S. 645, 13 Sup. Ct. 959.
 
 
 2
 Moreover, the order from which the appeal was taken was not a final decision of the circuit court of the United States for the district of New Jersey, but was an order of the circuit judge at chambers, and an appeal from such an order will not lie. Rev. St. §§ 763, 764; Act March 3, 1885 (23 Stat. 437, c. 353); Carper v. Fitzgerald, 121 U. S. 87, 7 Sup. Ct. 825; Ex parte Lennon, 150 U. S. 393, 14 Sup. Ct. 123; McKnight v. James, 155 U. S. 685, 15 Sup. Ct. 248.
 
 
 3
 Appeal dismissed.