## UNITED STATES v. HUNG CHANG.

(Circuit Court of Appeals, Sixth Circuit. May 21, 1904.)

No. 1,287.

1. ALIENS—CHINESE—REVIEW—ERROR.

Where, on appeal from a United States Commissioner in Chinese deportation proceedings, the district judge erroneously treated the case as before him as judge, and not as before the District Court over which he presided, by reason of which no final judgment was entered in the District Court, and no bill of exceptions was filed there, or transcript of the proceedings certified by the clerk of the District Court, the Circuit Court of Appeals acquired no jurisdiction to review the order under Act March 3, 1891, c. 517, § 6, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549], providing that the jurisdiction of that court extends to the review of final decisions of the District Courts and the existing Circuit Courts, though the writ of error, which ran to the judge's order only, might be regarded as running to the District Court.

In Error to the District Judge of the United States for the Northern District of Ohio.

For opinion below, see 126 Fed. 400.

John L. Sullivan, U. S. Atty.

Vessy, Davis & Manak and J. P. Dawley, for defendant in error.

Before LURTON and RICHARDS, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge. Hung Chang, the defendant, was arrested under a warrant in pursuance of section 13, Act Sept. 13, 1888, c. 1015,25 Stat.479 [U. S. Comp. St. 1901, p. 1317], by a commissioner of the United States for the Northern District of Ohio, charged with being a Chinese person found unlawfully within the United States. The warrant was returned before the same commissioner, and upon an examination he was found to be unlawfully within the United States, as charged, and ordered to be deported as required by the statute. This judgment was of the date of October 26, 1903. On October 31st the defendant appealed from said finding and order "to the District Court of the United States in and for the Northern District of Ohio, and to the judge of said court." The commissioner made out and certified into the District Court of the United States for the Northern District of Ohio a transcript of the proceedings before him, and also the original papers in the case, and they were filed by the clerk of said court, as shown by the file marks appearing in the transcript of the record before us. Subsequently a hearing was had, and the order of the commissioner reversed, and the defendant ordered to be discharged from custody. The order recites that this hearing was "before the judge of the United States District Court for the Northern District of Ohio." Thereupon an assignment of errors was filed with a petition by the United States praying that a writ of error be allowed, and a transcript of the record be transmitted to this court. A bill of exceptions was settled and duly allowed by the district judge. A writ of error was also allowed, but

¶ 1. Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

only from the order and ruling and action of Francis J. Wing as judge, and the writ itself, instead of running to the District Court, was only to "Francis J. Wing, the judge of the District Court of the United States for the Northern District of Ohio." The transcript of the record filed in pursuance of this writ is certified only by the district judge, and not by the clerk of the District Court.

By the thirteenth section of the act of 1888 it is provided that "any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the District Court for the district." The decisions were in hopeless conflict as to whether this appeal was to the District Court, or to the judge thereof, at the time the learned district judge was called upon to act, and in construing the appeal as to himself as judge, and not to the court, he had the authority of the case of Chow Loy v. United States decided by the Circuit Court of Appeals for the First Circuit, and reported in 112 Fed. 354, 50 C. C. A. 279. Pending this writ of error the Supreme Court has finally and authoritatively construed the provision above set out as being in effect an appeal to the District Court, and not to the judge thereof as an individual. In re United States, Petitioner (decided May 2, 1904) 24 Sup. Ct. 629, 48 L. Ed. 931.

The jurisdiction of this court is to review "final decision in the District Courts and the existing Circuit Courts," and no provision is made for the review of the decision of a district judge acting as an individual judge. Section 6, Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549] ; Carper v. Fitzgerald, 121 U. S. 87, 7 Sup. Ct. 825, 30 L. Ed. 882. Unless, therefore, this writ can be regarded as running to the District Court, we can exercise no jurisdiction to review the action complained of. This we think is inadmissible, in view of the terms of the writ allowed by the district judge. Neither would such a construction avail the United States, because no final judgment has been entered in the District Court, and no bill of exceptions has been filed in that court, nor has any transcript of the record or proceedings in the District Court been certified by the clerk thereof or filed here. We think, therefore, that we cannot sustain our jurisdiction by treating the writ of error as running to the District Court. In the case cited above, the Supreme Court had occasion to consider the same subject, and the chief justice, speaking for the court, said:

"It seems that the judge allowed a writ of error, but only to his action as judge, and, even if it could be held to run to the District Court, it would be equally unavailing, in the absence of final judgment in that court, and of the filing of the bill of exceptions. As we understand the record, if the appeal from the commissioner, under section 13, was an appeal to the District Court, then it follows that the commissioner's transcript and other papers pertaining to the case should be filed and the judgment be entered in that court, and an appeal will bring the case before us. In other words, the District Court will not have lost jurisdiction because of the view taken by the district judge, and the final order may be entered as the final judgment of that court."

Upon the authority of the decision cited above, it is plain that the District Court has not lost jurisdiction under the appeal; and we venture to suggest to the learned judge that he pursue the course pointed out in that case, and cause to be entered in the District Court the order made by him, and the bill of exceptions allowed to be there filed, as

well as all other papers constituting the record, to the end that an appeal may be taken from the judgment so entered. We forego any expression of opinion in respect of the errors assigned upon the proceedings below, not doubting but that such steps will be taken as will enable this court to properly and regularly exercise its appellate jurisdiction.

Writ dismissed for want of jurisdiction.