## CARTER *v.* GEAR.

### ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

#### No. 442.  Submitted March 3, 1905.—Decided April 3, 1905.

The statutes of 1892 of the Territory of Hawaii purporting to confer upon the judges of the several courts, at chambers, within their respective jurisdictions, judicial power not incident or ancillary to some cause pending before a court, are not in conflict with § 81 of the Organic Act of the Territory, approved April 30, 1900, 31 Stat. 141, 157, and the power of the judges to act at chambers was expressly saved by the provision in § 81 continuing the law of Hawaii theretofore in force concerning courts and their jurisdiction until the legislature otherwise ordered, except as otherwise provided in the Organic Act.

In construing the organic act of a Territory the whole act must be considered in order to obtain a comprehensive view of the intention of Congress, and no single section should be segregated and given undue prominence where other sections bear upon the same subject. Whether a petition in a probate proceeding to a court acting as a probate court shall be addressed to, and passed upon by the judge, while sitting in court or at chambers is more a matter of form than of substance.

THIS was a writ of error to review a judgment of the Supreme Court of the Territory of Hawaii denying a writ of prohibition.

The facts of the case are substantially as follows: On July 27, 1904, one Low, as next friend of Annie T. K. Parker, a minor, filed a petition before the defendant, George D. Gear, judge of the First Judicial Circuit, in probate, at chambers, asking for the removal of Alfred W. Carter, plaintiff in error, as guardian of the estate of said minor. He had been originally

appointed such guardian September 29, 1899. The petition was entitled "In the Circuit Court of the First Judicial Circuit, Territory of Hawaii. In Probate. At Chambers," and was in fact filed before the Circuit Judge sitting at chambers. A demurrer was interposed to the petition upon the ground that the Circuit Judge had no jurisdiction of the proceedings, for the reason that the statute conferring judicial powers upon the judges at chambers was in conflict with the Organic Act of the Territory.

The demurrer was overruled and the jurisdiction of the court sustained, apparently with some doubt, by the Circuit Judge.

This petition for a writ of prohibition was then filed by Carter in the Supreme Court of the Territory against the defendant, Gear, as Circuit Judge, and Low, the next friend of Annie T. K. Parker, praying that the said Circuit Judge be prohibited from taking further cognizance of the petition for the removal of Carter, or proceeding therein until the further order of the Supreme Court. After a full hearing the Supreme Court affirmed the judgment of the Circuit Court, and dismissed the petition.

*Mr. Joseph J. Darlington* and *Mr. William F. Mattingly* for plaintiff in error:

. The statutes of the Territory of Hawaii, purporting to confer jurisdiction upon circuit judges at chambers, to hear and determine judicial matters not incident or ancillary to a cause pending in any court, are null and void, being in contravention with § 81 of the Organic Act of the Territory of Hawaii. See decisions under similar constitutional provisions.

Section 81 is practically identical with the constitutional provisions of many States, and under these constitutional provisions similar statutes, purporting to confer upon circuit judges at chambers, judicial power not incident or ancillary to a cause pending in any court, have invariably been declared unconstitutional.

The Organic Act of the Territory takes the place of a constitution as the fundamental law of the local government. *National Bank* v. *County of Yankton*, 101 U. S. 129, 133.

No Hawaiian law, whether previously existing or subsequently enacted, can stand in conflict with that act.  23 Op. Atty. Gen. 539.

The clause is an entire distribution of the judicial power and the legislature cannot vest any portion of it elsewhere. Cooley Const. Lim., 7th ed., 129, *n.* 3, and cases cited; *Water Co.* v. *Vallejo*, 48 California, 70; *Risser* v. *Hoyt*, 53 Michigan, 185; *Railway Co.* v. *Dunlap*, 47 Michigan, 456; *Rowe* v. *Rowe*, 28 Michigan, 353; *Railway Co.* v. *Hurd*, 17 Ohio St. 144; *State* v. *Woodson*, 161 Missouri, 444, 453.

For other statutes in which the word "court" is held not to include circuit judges see 8 Am. & Eng. Ency. of Law, 2d ed., 23; *McKnight* v. *James*, 155 U. S. 685.  The cases cited below are distinguishable as the constitutional provisions of the respective State are different from the Organic Act.

*Mr. John S. Low,* guardian, defendant in error  *in propria persona:*

The Supreme Court of Hawaii has held that a judge sitting at chambers in probate is a court of record.  *Estate of Brash,* 15 Hawaiian, 372; *Hoare* v. *Allen*, 13 Hawaiian, 257; *Aldrich* v. *First Judge*, 9 Hawaiian, 470.

Under § 83 of the Organic Act the laws of Hawaii relative to the judiciary act, except as amended by the Organic Act itself, are continued in force.  The entire act must be considered in construing it.

Independently of the construction which has been placed upon the words "in chambers" in Hawaii, the words "Circuit Courts" mean the courts referred to in the expression "in chambers." *Wilcox* v. *Wilcox*, 14 N. Y. 577.; *Presley* v. *Lamb*, 105 Indiana, 171; *Granite Mining Co.* v. *Weinstren*, 7 Montana, 349; *S. C.*, 17 Pac. Rep. 108; *O'Bear* v. *Littler*, 59 Georgia, 584; *Pease* v. *Waggoner*, 20 S. E. Rep. 637; *Stuart* v. *Daggey*, 13

Nebraska, 290. Chambers is only a place where the court sits without a jury. *Commonwealth* v. *McLaughlin,* 122 Massachusetts, 449.

The cases cited by plaintiff in error in opposition to this are controlled by their own peculiar circumstances and do not apply.

It could not have been the intention of Congress to deprive us of a chambers jurisdiction, as provided in our civil laws. Such an intention would be violative of our constitutional guaranty of due. process of law. The fact that all the other jurisdictional statutes were specifically repealed makes it conclusive that no such intention existed. There would be anarchy in case the courts of equity and probate were divested of their power. Such an intention would violate the Constitution. See Brannon, Fourteenth Amendment, 1, 64, 97, 147, 285. A proceeding in equity is due process of law. *McLane* v. *Leicht,* 69 Iowa, 401.

The bills of rights in the American Constitutions are conservatory rather than reformatory instruments. *Weimer* v. *Bunbury,* 30 Michigan, 201. The Organic Act must be considered in the same light as a state constitution. In interpreting a constitutional provision, the intent of the framers of the instrument should, if possible, be ascertained and carried out. *Bourland* v. *Hildrith,* 26 California, 161; *People* v. *Leonard,* 73 California, 230; *Hills* v. *Chicago,* 60 Illinois, 86.

Constitutions must be construed if possible so as to give force and effect to each provision. *Cohen* v. *Wright,* 22 California, 293; *French* v. *Teschemaker,* 24 California, 518; *Marye* v. *Hart,* 76 California, 291; *Livesay* v. *Wright,* 6 Colorado, 92; *People* v. *Garner,* 47 Illinois, 246; *Dyer* v. *Bayne,* 54 Maryland, 87; *State* v. *McCornwell,* 8 Nebraska, 28; *Norton* v. *Bradham,* 21 S. Car. 375; *Lastro* v. *State,* 3 Tex. App. 363; *Cordova* v. *Cordova,* 6 Tex. App. 207; *Page* v. *Allen,* 58 Pa. St. 338; *Rutgers* v. *New Brunswick,* 42 N. J. L. 51; *State* v. *Ashley,* 1 Arkansas, 513; *Baltimore* v. *State,* 15 Maryland, 376; *In re Greffin,* Fed. Cas. No. 5815; *Jenkins* v. *Ewin,* 55 Tennessee, 456;

*Bandel* v. *Isaac,* 13 Maryland, 202; *People* v. *State Treasurer,* 23 Michigan, 499. Contemporaneous legislative construction will be considered in determining the constitutionality of legislative enactments. *Burgoyne* v. *Board of Supervisors,* 5 California, 23; *Livesay* v. *Wright,* 6 Colorado, 92; *Bunn* v. *People,* 45 Illinois, 398; *Collins* v. *Henderson,* 74 Kentucky (11 Bush), 74; *State* v. *Parkinson,* 5 Nevada, 17; *Cordova* v. *State,* 6 Tex. App. 207. Where questions of constitutional construction are doubtful, courts will defer to the construction made by the legislature. *Kendall* v. *Kingston,* 5 Massachusetts, 534; *Jackson* v. *Supervisors,* 34 Nebraska, 680; *S. C.,* 52 N. W. Rep. 169; *Hedgcock* v. *Davis,* 64 N. Car. 650; *McPherson* v. *Secretary of State,* 92 Michigan, 377; *Jenkins* v. *Ewin,* 55 Tennessee (8 Heisk.), 456; *Hills* v. *Chicago,* 60 Illinois, 90; *State* v. *Barnes,* 24 Florida, 29; *State* v. *Gerhardt,* 145 Indiana, 439; *Faribault* v. *Misener,* 20 Minnesota, 396 (Gil. 347); *Moers* v. *Reading,* 21 Pa. St. (9 Harris), 188; *Carson* v. *Smith,* 5 Minnesota, 78 (Gil. 58); *Rumsey* v. *People,* 19 N. Y. 41; *Wallack* v. *New York,* 3 Hun, 84; *Lavery* v. *Commonwealth,* 101 Pa. St. 560; *People* v. *Faucher,* 50 N. Y. 288.

Mr. Justice Brown, after making the foregoing statement, delivered the opinion of the court.

The writ of prohibition was demanded upon the ground that there was no cause pending in the Circuit Court of the First Circuit, to which the motion and petition of Low, as next friend, was incidental or ancillary, and that Judge Gear, sitting at chambers, was hearing questions of a judicial nature entirely independent of any cause pending in that court.

The single question presented by the record is whether the statutes of the Territory of Hawaii, purporting to confer upon the judges of the several courts, at chambers, within their respective jurisdictions, judicial power not incident or ancillary to some cause pending before a court, were in conflict with section 81 of the act of Congress approved April 30, 1900,

31 Stat. 141, commonly known as the Organic Act of the Territory. This section, page 157, enacts that "the judicial power of the Territory shall be vested in one supreme court, circuit courts, and in such inferior courts as the legislature may from time to time establish. And until the legislature shall otherwise provide, the laws of Hawaii heretofore in force concerning the several courts and their jurisdiction and procedure shall continue in force except as herein otherwise provided."

At the time the act of Congress was passed there was in force in the Territory of Hawaii an act known as Chapter 57 of the Laws of 1892, the thirty-seventh section of which gave to the judges of the several Circuit Courts, at chambers, very ample powers, in admiralty, equity, bankruptcy and probate causes, among which were proceedings "to remove any executor, administrator or guardian." This act was conceded to be sufficient to justify the action of Judge Gear in removing the guardian in this case. It was substantially reënacted with amendments in 1903.

The argument is made that section 81 of the Organic Act is identical with the constitutional provisions of many States, under which similar statutes purporting to confer judicial powers upon Circuit Judges at chambers, not incident to or ancillary to any cause pending in any court, have usually been declared unconstitutional; citing *Spencer Creek Water Co.* v. *Vallejo,* 48 California, 70; *Risser* v. *Hoyt,* 53 Michigan, 185; *Toledo Ry. Co.* v. *Dunlap,* 47 Michigan, 456; *Rowe* v. *Rowe,* 28 Michigan, 353; *Pittsburg &c. R. R. Co.* v. *Hurd,* 17 Ohio St. 144, 146; *State* v. *Woodson,* 161 Missouri, 444. We are also referred to *McKnight* v. *James,* 155 U. S. 685, in which we held that a writ of error could not go to an order of a judge of a Circuit Court made at chambers.

But conceding the correctness of these decisions under the constitutions of the several States, and also conceding that the Organic Act stands in the place of a constitution for the Territory of Hawaii, to which its laws must conform, does it follow that the laws respecting proceedings at chambers

are in excess of the powers conferred under the Organic Act?

Bearing in mind that section 81 of the Organic Act is but one of a hundred sections, all of which are entitled to equal respect, it is evident that to obtain a comprehensive view of the intention of Congress we are bound to consider the whole act so far as it relates to the disposition of judicial power. To segregate section 81 from all the other provisions of the act must necessarily result in giving it undue prominence.

By section 6, "the laws of Hawaii not inconsistent with the Constitution and laws of the United States or the provisions of this act shall continue in force, subject to repeal or amendment by the legislature of Hawaii, or the Congress of the United States." By section 7 the constitution of the Republic of Hawaii and a large number of its laws, specially enumerated, are repealed, but the statutes giving probate and equity jurisdiction to the Circuit Courts are not mentioned.

By section 10 all actions at law, suits in equity and other proceedings then pending in the courts of the Republic of Hawaii shall be carried on to final judgment and execution in the corresponding courts of the Territory of Hawaii. As petitioner Carter was appointed guardian of the minor's estate in 1899 by the then judge of the First Circuit, and was still proceeding to wind up the estate, we think the petition for his removal was filed in a pending proceeding within the meaning of this section.

Now, as it appears that the powers of judges at chambers had been fixed since 1892, eight years before the Organic Act was passed, that by section 6 and the final clause of section 81 the laws of Hawaii theretofore in force concerning the several courts and their jurisdiction and procedure were continued in force, except as therein otherwise provided, it would seem that these provisions were especially intended to apply to cases like the present, where a system of procedure which had previously existed was recognized as valid and still existing. In *Hawaii* v. *Mankichi*, 190 U. S. 197, a similar provision in the resolu-

tion of annexation was held not to abrogate a system of trials by information and convictions by a non-unanimous jury, as applied to cases prior to the Organic Act of April 30, 1900.

But we do not think it necessary to go further than section 81 itself to find authority for a recognition of the laws previously existing in Hawaii concerning the constitution of its courts and their method of procedure. Whether a petition to a Circuit Court acting as a court of probate shall be addressed to and passed upon by the judge while sitting in court at chambers is, after all, much more a matter of form than of substance. *Commonwealth* v. *McLaughlin,* 122 Massachusetts, 449. The petition for the removal of the guardian in this case is entitled "In the Circuit Court of the First Judicial Circuit, Territory of Hawaii. In Probate. At Chambers." It appears to have been heard by the Circuit Judge without a jury, his decision being entitled "Before a Judge of the Circuit Court, of the First Circuit, Territory of Hawaii." It must doubtless be treated as a proceeding at chambers, but for reasons already given we think the power to act at chambers was saved by section 81 continuing in force the previous laws of Hawaii concerning the courts and their procedure. It would be too narrow a construction to hold that this did not include the procedure before judges of those courts sitting at chambers.

The decree dismissing the writ is

*Affirmed.*