### GRAMMER v. FENTON, Warden.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1920.)

No. 5586.

1. **Courts 465(7)—Federal Supreme Court has exclusive jurisdiction of appeal in habeas corpus, where Constitution is involved.**

    Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215), governing appeals to the Supreme Court and Circuit Court of Appeals, applies to habeas corpus appeals, and where the only basis of jurisdiction of habeas corpus to determine legality of incarceration under state laws is violation of national Constitution, the Supreme Court has exclusive jurisdiction of appeal.

2. **Pardon 12—Reprieve from death sentence pending litigation in federal court not governed by Rev. St. Neb. 1913, §§ 9222–9224.**

    Rev. St. Neb. 1913, §§ 9222–9224, requiring reprieves by the Governor to be accepted and signed by the prisoner, etc., are inapplicable to death sentence reprieves, granted to enable a prisoner to litigate his conviction in the federal courts.

3. **Constitutional law 42—Validity of statute questioned only by person affected thereby.**

    No one can question the validity of a statute or official action, unless he has been harmed, or is liable to be harmed, thereby.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Habeas corpus ⚬⟷45(2)—Governor's reprieve from death sentence not basis for jurisdiction of federal court.**

In habeas corpus proceedings, petitioner's claim that he was reprieved from a death sentence contrary to Rev. St. Neb. 1913, §§ 9222–9224, requiring reprieves to be accepted by the prisoner, etc., confers no jurisdiction on federal court, since the cited sections are inapplicable to reprieves granted to permit litigation of the conviction, especially as the only substantial result had been to keep the prisoner alive while testing his conviction.

5. **Courts ⚬⟷405(7)—Circuit Court of Appeals without jurisdiction of appeal in habeas corpus, though no certificate of probable cause was issued.**

Where under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215), the Supreme Court would have exclusive jurisdiction of appeal in habeas corpus proceeding to determine legality of incarceration under state laws, as involving violation of national Constitution that jurisdiction would not be affected by absence of certificate of probable cause, under Act March 10, 1908 (Comp. St. § 1293), requiring such a certificate in habeas corpus appeals to Supreme Court.

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Habeas corpus proceeding by Allen Vincent Grammer against William T. Fenton, Warden. From a denial of the writ, the applicant appeals. Appeal dismissed.

Sterling F. Mutz, of Lincoln, Neb. (C. J. Campbell, of Lincoln, Neb., on the brief), for appellant.

Mason Wheeler, Asst. Atty. Gen., of Nebraska (Clarence A. Davis, Atty. Gen., of Nebraska, on the brief), for appellee.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

STONE, Circuit Judge. Appeal from denial of writ of habeas corpus. Grammer is in the custody of Fenton, warden of the Nebraska state penitentiary, under death sentence, by the state court, as accessary before the fact to murder. A demurrer to the application, based upon lack of jurisdiction in a federal court and insufficient facts, was sustained generally. Appellant elected to stand upon the application, which was then dismissed at his costs. From the application and from adjudications by the Nebraska state courts, of which we take notice, we find the setting of this case to be as follows: Appellant and one Cole were jointly tried and convicted of murdering the mother-in-law of appellant. Cole pleaded guilty. Execution was fixed for July 12, 1918. Appellant appealed to the state Supreme Court, where the judgment was affirmed. Grammer v. State, 103 Neb. 325, 172 N. W. 41. Reargument in the state Supreme Court was denied. 103 Neb. 325, 174 N. W. 507. Appellant then applied, in the state court, for a writ of habeas corpus, which was denied. His appeal to the Supreme Court from this dismissal was unsuccessful. Grammer v. Fenton (No. 21384) unreported. He then filed this application the day before the date finally set for his execution. During a portion of this time and up to the present, the Governor has granted reprieves, with the object

⚬⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of preventing execution while appellant has litigation pending concerning his conviction.

The application alleges that the reprieves are unlawful and void, because not granted in the form and manner required by section 9222 of the Nebraska Revised Statutes of 1913. It then attacks the judgment of conviction, because procured by fraud, rendered by incompetent jurors, procured by intimidation, and because the question of punishment was submitted to the jury. It further says there was no presentment or indictment of a grand jury. It also alleges that the laws of Nebraska provide no method of opening, vacating, or modifying judgments of the state courts in criminal cases upon the ground of newly discovered evidence, which could not, with reasonable diligence, have been discovered before the trial or during the term at which the trial was had; that evidence of this character has been discovered. The application alleges, generally, that detention under order of the Governor is null and void, and as to each of the other grounds, as above outlined, the allegation is that a specific right under the national Constitution has been violated.

[1] At the threshold of the case we meet a challenge, by appellee, of the jurisdiction of this court. The contention is that the appeal should have been taken direct to the Supreme Court. The basis of this contention is that the sole questions presented in the case below and upon this appeal are such as involve the construction and application of the national Constitution. The jurisdiction of the Circuit Courts of Appeals is purely appellate and statutory. This is defined to be "in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section 238, unless otherwise provided by law. * * *" Code, § 128, 36 Stat. 1133 (Comp. St. § 1120). Section 238 (Comp. St. § 1215), referred to, provides that "appeals and writs of error may be taken from the District Courts * * * direct to the Supreme Court in the following cases: * * * In any case that involves the construction or application of the Constitution of the United States, * * * and in any case in which the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States." Code, § 238, 36 Stat. 1157. The quoted provisions of the above sections apply to appeals in habeas corpus cases. Raton Waterworks Co. v. Raton, 249 U. S. 552, 39 Sup. Ct. 384, 63 L. Ed. 768; Horn v. Mitchell, 243 U. S. 247, 37 Sup. Ct. 293, 61 L. Ed. 700; Pierce v. Creecy, 210 U. S. 387, 28 Sup. Ct. 714, 52 L. Ed. 1113; In re Lennon, 150 U. S. 393, 14 Sup. Ct. 123, 37 L. Ed. 1120. The cases just cited establish the rule that where the jurisdiction of the trial court rests upon the sole basis that the suit is one arising under the Constitution of the United States, the Supreme Court has exclusive appellate jurisdiction. No diversity of citizenship is suggested in the petition. Federal jurisdiction is based upon a detention alleged to be in violation of the rights of the petitioner under the national Constitution. Under the facts as outlined in the petition, and under section 753 of the Revised Statutes (Comp. St. § 1281), the only possible ground for federal jurisdiction would be that the detention was, as provided in section 753, "in violation of the Constitution

* * * of the United States." Appellant's arguments on this jurisdictional point are as follows:

First he says:

"Section 893 of Barnes' Federal Code [Judicial Code, § 128] provides that 'the Circuit Court of Appeals shall exercise appellate jurisdiction . * * * in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section 238, unless otherwise provided by law.'

"Section 1092 of Barnes' Federal Code [Act Mar. 10, 1908, 35 Stat. 40 (Comp. St. § 1293)] provides: 'Appeal to Supreme Court Where Detention under State Process.—From a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a state court, no appeal to the Supreme Court shall be allowed unless the United States court, by which the final decision was rendered, or a justice of the Supreme Court, shall be of the opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court or justice shall certify that there is probable cause for such allowance.'

"The detention complained of in the plaintiff's application herein is by virtue of a warrant of commitment and an order directing the execution issued by the Governor of the state of Nebraska, and not issued out of a state court. The contention of the applicant that the process is issued by the Governor, instead of by the court, takes the case out from under the provisions of section 1092 of Barnes' Federal Code, and places it directly under section 893 thereof. The Circuit Court of Appeals, therefore, has jurisdiction at least to determine the question of unlawful detention by the order of the Governor of the state."

His further argument is thus expressed:

"It would require a strained construction of these sections to hold that an appeal in a habeas corpus case of this character is denied, unless the judge who tries the case certifies that he has probably committed error. In the light of the present decisions of the United States Supreme Court, District Judges would seldom, if ever, issue a certificate that there was probable cause for the appeal. On the other hand, in order to convince a Justice of the Supreme Court that there is probable cause for an allowance of the appeal, the appeal must be practically perfected, to present all the questions raised, and be briefed and argued to the Justice of the Supreme Court. It is our contention that the Congress did not intend to thus delay and impede the process of the courts in determining this class of important cases. We believe that while appeals may be taken in habeas corpus cases, either to the Circuit Court of Appeals, or to the United States Supreme Court, that the Supreme Court will not assume jurisdiction, except in cases of such great importance that the Supreme Court should pass upon them. And this importance must be certified by either the trial judge or one of the Justices of the Supreme Court."

[2-4] The facts, as shown by the petition, are, that this appellant was condemned to death by a state court; that he has prosecuted a writ of error in that case to the Supreme Court, resulting in affirmance, and a direction by that court to appellee to execute appellant on September 19, 1919; that the Governor granted two stays, finally directing sentence to be executed on February 7, 1920; that this petition was filed February 6, 1920. The claim is then made that these stays or reprieves are illegal, because not "in due and legal form as provided by section 9222 of the Revised Statutes of Nebraska for 1913," because not accepted and signed by appellant, not subscribed by two witnesses who attested the same, no such witnesses went before the clerk of the

court where such sentence was recorded and proved the same, no journal entry thereof in the records of the state courts—all as required by section 9222. A bare perusal of this section and the two related sections, 9223 and 9224, shows the utter lack of application of those sections to the situation here involved, and reveals the entirely frivolous character of this suggestion that the Governor acted without authority. The Constitution of Nebraska empowers the Governor to grant reprieves (article 5, § 13), and there is no contention that the state statutes make the date of execution a part of the sentence (Holden v. Minn., 137 U. S. 483, 495, 11 Sup. Ct. 143, 34 L. Ed. 734).

Again, it is basic law that no one can question the validity of a statute or of an official action unless he has been harmed or is threatened harm thereby. The only substantial result of the actions of the Governor has been to keep appellant alive for months while he was testing his conviction in every manner and court possible. This entire contention of appellant concerning the orders of the Governor is wholly without foundation upon its mere statement (Storti v. Mass., 183 U. S. 138, 22 Sup. Ct. 72, 46 L. Ed. 120), and cannot be a basis for jurisdiction of this court (Berkman v. U. S., 250 U. S. 114, 39 Sup. Ct. 411, 63 L. Ed. 877; Brolan v. United States, 236 U. S. 216, 35 Sup. Ct. 285, 59 L. Ed. 544). Also see Lambert v. Barrett, 157 U. S. 697, 15 Sup. Ct. 722, 39 L. Ed. 865.

[5] The further argument is that a fair consideration of sections 128 and 238 of the Judicial Code, in connection with the above Act of March 10, 1908 (35 Stat. 40), leads to the construction that appeals will lie to this court from habeas corpus cases where the confinement is by virtue of process issued out of a state court and the trial judge will not certify the existence of probable cause for appeal, as required by that act. There is no merit in this view. The sole effect of the act of 1908 upon appellate jurisdiction in habeas corpus cases is to further restrict appeals direct to the Supreme Court by requiring a certificate of probable merit by the trial court in cases where custody under state judicial process was challenged.

All other grounds urged for the writ rest entirely upon the construction and application of the Constitution of the United States. The Supreme Court has exclusive jurisdiction of the appeal and the appeal to this court is dismissed for lack of jurisdiction.

Dismissed.