HENRY P. NORTON, Administrator, etc., Respondent, v. IRENE L. PATTEE, impleaded, etc., Appellants.

Defendant P., in fraud of his creditors, conveyed to H., plaintiff's intestate, a lot of land. He also induced his wife to convey to H. a large amount of real and personal property, he supposing that while in her hands it was subject to his debts. H. agreed to reconvey to Mrs. P. when required. He was to move to A., where the property was situated, to take charge of it, and was to receive compensation for his ser-

vices. H. moved to A., remained there for five years, received the avails of the business in which the property was used, made large expenditures in improving the property, paid taxes, and advanced money to pay a mortgage thereon. H. refused to reconvey unless paid the sum of $10,000. He conveyed all the property to Mrs. P. upon receiving $2,000 in money and the bonds of Mrs. P. secured by mortgages for $8,000. In an action to foreclose the mortgages, *held,* that there was a sufficient consideration to sustain them; that, assuming Mrs. P. could have enforced the agreement to reconvey her separate property, she could not have enforced it as to the lot conveyed by P., and the conveyance of this lot furnished a consideration; also, that the liquidation of the claims of H. for services and expenditures furnished a consideration, and whether the sum claimed was more than he was entitled to could not be considered here.

(Argued December 11, 1876; decided January 16, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to foreclose two mortgages executed by the defendant, Irene L. Pattee, to Charles Hart, plaintiff's intestate, to secure the payment of $8,000.

The defence was that the mortgages were executed without consideration.

It appeared that prior to December, 1867, said defendant was the owner of a large amount of real and personal estate at Avon, Genesee county, used for hotel and livery business, which business was carried on by her husband, the defendant, William E. Pattee. The latter also owned a lot in said village. He conveyed his own lot and induced his wife to convey her's to plaintiff's intestate, without consideration, to prevent the same being reached by his creditors, upon the supposition that his wife's property could be reached for his debts. Hart agreed to reconvey all the property when requested to Mrs. Pattee, including the lot conveyed by Pattee. It was agreed that Hart should move from his farm, about five miles from Avon, into that village, and nominally take charge of the property and business, he to receive pay for his services. This he did, and remained in possession for about

five years.  He received the avails of the business, made
extensive improvements, paid off a mortgage on one of the
lots, and paid the taxes.  He refused to reconvey the property
unless he was paid $10,000.  Finally he conveyed the whole
to Mrs. Pattee, including the lot conveyed to him by Pattee,
upon receipt of $2,000 and the bonds and mortgages in suit.

Further facts appear in the opinion.

*Samuel Hand* ·for the appellant.  The rule that a convey-
ance in fraud of creditors is valid between the parties is not
inflexible.  (*Ford* v. *Harrington*, 16 N. Y., 285; 1 Story's
Eq. Jur., 300; *Freelove* v. *Cole*, 41 Barb., 318; 41 N. Y.,
619; Wil. Eq. Jur. [Potter's ed.], 202, 203; Reeve's Dom.
Rel., 98, 99; *Wheelan* v. *Wheelan*, 3 Cow., 537; *Broch* v.
*Barnes*, 40 Barb., 521, 528, 529; *Brotherson* v. *Consolus*, 26
How., 537; *Mapes* v. *Snyder*, 59 N. Y., 450.)  The mort-
gages were not given on a voluntary settlement or upon the
compromise of a doubtful claim.  (*Russell* v. *Cook*, 3 Hill,
504; *Taplin* v. *Wilson*, 10 Sup. Ct. R., 244; *Morey* v. *Town
of Newfane*, 8 Barb., 653; *Sherman* v. *Barnard*, 19 id., 302;
*Dolcher* v. *Fry*, 37 id., 157; *Farmers' Bk.* v. *Blair*, 44 id.,
652.)  They cannot be said to have been executed voluntarily.
(*Harmony* v. *Bingham*, 12 N. Y., 99.)

*W. F. Cogswell* for the respondent.  Plaintiff was entitled
to judgment of foreclosure and sale.  (*Mapes* v. *Snyder*, 2
N. Y. Sup. Ct. R., 318; affirmed, 59 N. Y., 450.)

ANDREWS, J.  The sole question is, was there any considera-
tion for the bonds and mortgages executed by the defendant
to Hart.  Assuming that Mrs. Pattee could have enforced
the agreement of Hart, made in 1868, to reconvey the real
and personal property conveyed to him at that time, so far
as it related to her separate estate embraced in the convey-
ance, it is very clear that it could not have been enforced
as to the lot conveyed to Hart, owned by her husband.  The
object of William E. Pattee, in conveying the property

was to defraud his creditors, and he induced his wife to convey her property also, upon the supposition, that while in her hands it was subject to his debts. Upon the admitted facts in respect to her title, this was a groundless fear, but at the request and through the influence of her husband, and believing that the danger was real, she made the conveyance, on receiving the assurance from Hart, that the property should be conveyed to her, when she or her husband should request it, including the lot which belonged to and was conveyed by the husband.

The court, upon well-settled principles, would not interpose to relieve William E. Pattee, or give him a remedy upon the agreement. Hart acquired by the transaction a good title to the property conveyed by the husband, except as against his creditors, and if under the peculiar circumstances, the court would enforce the agreement for the protection of Mrs. Pattee (which is not now necessary to decide), she could not claim any thing more than to have a reconveyance of her separate estate. In December, 1872, Hart conveyed to Mrs. Pattee the three lots conveyed to him in 1868, including the lot formerly owned by her husband and took back the bonds and mortgages in question. The conveyance to Mrs. Pattee of the lot which Hart held under the conveyance from her husband, furnished a consideration for the bonds and mortgages. There was also a consideration in the liquidation and settlement of Hart's claim. By the agreement made in 1868, Hart was to remove from his then residence to Avon, and take charge of the hotel and livery business and conduct it for the benefit of Mrs. Pattee, and was to be paid for his services. He moved to Avon, and remained there about five years, receiving the avails of the business up to 1872, and he made large expenditures in improving the property, paid taxes, and advanced money to pay a mortgage on one of the lots. Mrs. Pattee could not claim a reconveyance of the property, except upon an accounting with Hart and paying him such balance as might be found due. (*Carnes v. Platt*, 59 N. Y., 413.) The parties for some months before

the reconveyance to Mrs. Pattee, were negotiating the terms upon which it should be made, and it was finally agreed that Hart should convey to Mrs. Pattee, upon her executing the bonds and mortgages in question, and paying $2,000 in money, and the settlement was completed on this basis. Hart, so far as appears, never repudiated the agreement made in 1868, or claimed to hold the property in hostility to its provisions. Whether $10,000, the sum required to be paid was more than Hart was justly entitled to, or ought to have claimed, is a question which cannot now be considered. There was a claim made and a settlement, and the bonds and mortgages given in pursuance of it. We cannot say that the claim was without foundation, or that its settlement did not furnish a consideration for the securities taken. The learned referee held that the answer did not state a defence, and also, that none was established by the facts proved on the trial. We are of opinion that his decision was right, on the ground last stated, and it is unnecessary to consider whether the facts alleged in the answer, if taken to be true, showed that the bond and mortgages were without consideration. The actual transaction was shown on the trial, and the facts there developed did not establish a defence.

The judgment should be affirmed.

All concur.

Judgment affirmed.