## DUFF v. CARRIER.

### (Circuit Court of Appeals, Third Circuit.    April 19, 1893.)

1. JURISDICTION OF CIRCUIT COURT OF APPEALS — ORDER ALLOWING CLAIM IN BANKRUPTCY.

   The circuit court of appeals has jurisdiction of an appeal by an assignee in bankruptcy from an order of the district court allowing the claim of a creditor, under Rev. St. § 4980, giving an appeal in such cases to the circuit court, and Act. Cong. March 3. 1891. transferring the appellate jurisdiction of the circuit court to the circuit court of appeals.

2. SAME — APPEALABLE ORDER.

   Such an order is a "final decision," within section 6 of the said act of March 3, 1891.

3. PROVING DEBT IN BANKRUPTCY — EFFECT OF ATTACHMENT — INJUNCTION.

   Rev. St. § 5075, requiring an attaching creditor to account for the property seized, and to surrender any lien thus acquired by him before he can prove his debt in bankruptcy, will not bar such creditor's right to participate in the fund, where the attachment was levied within four months next preceding the commencement of the bankruptcy proceedings, and was therefore, by virtue of Rev. St. § 5044, dissolved by operation of law upon the execution of the assignment in bankruptcy; and where the attachment is enjoined upon the petition of a creditor, and the proceedings abandoned by the attaching plaintiff. 51 Fed. Rep. 900. affirmed.

Appeal from the District Court of the United States for the Western District of Pennsylvania.

In Bankruptcy. In the matter of John Carrier and A. F. Baum, bankrupts. An order was made allowing the claim of M. G. Carrier as creditor, (51 Fed. Rep. 900,) and the assignee, Levi Bird Duff, appeals. Affirmed.

Levi Bird Duff, in pro. per.

Lyon, McKee & Sanderson and Thomas B. Alcorn, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

ACHESON, Circuit Judge. This is an appeal by an assignee in bankruptcy from an order of the district court, made September 16, 1892, allowing the claim of an alleged creditor, and directing the payment of a dividend thereon. The question whether this court has jurisdiction of such an appeal has been raised, and is to be considered first. Section 4980, Rev. St. U. S. tit. "Bankruptcy," after providing for appeals in cases in equity and writs of error in cases at law, contains the following provision:

"And any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the district court to the circuit court for the same district."

Section 4 of the act to establish circuit courts of appeals, approved March 3, 1891, is as follows:

"That no appeal, whether by writ of error or otherwise, shall hereafter be taken or allowed from any district court to the existing circuit courts, and no appellate jurisdiction shall hereafter be exercised or allowed by said existing circuit courts; but all appeals, by writ of error or otherwise, from said district courts, shall only be subject to review in the supreme court of the

United States, or in the circuit court of appeals hereby established, as is hereinafter provided, and the review, by appeal, by writ of error, or otherwise, from the existing circuit courts shall be had only in the supreme court of the United States, or in the circuit courts of appeals hereby established, according to the provisions of this act regulating the same."

Now the fifth section of this act, which provides for appeals from the district courts to the supreme court, and for writs of error therefrom, does not embrace such a case as this. It follows, then, that the order here complained of is reviewable by this court, unless, under the bankrupt law, an appeal by an assignee from the allowance of a claim appertains to the general supervisory jurisdiction of the circuit court over cases and questions arising in the district court sitting in bankruptcy, conferred by section 4986, Rev. St. This is the position here taken by the creditor, the appellee. But the express provision contained in section 4980, authorizing an appeal by the assignee from the allowance of a claim, excludes the inference that such a case comes within the general supervisory jurisdiction given by section 4986. It is, too, worthy of note that the prescribed remedy is contained in a section relating to appeals, in the ordinary sense, in cases in equity, and to writs of error, in suits at law. Moreover, the mode of taking and perfecting such appeal is specially regulated by section 4981, while section 4982 provides that the appeal shall be entered at the term of the circuit court which shall be held within the district next after the expiration of 10 days from the time of claiming the appeal. But the general supervisory jurisdiction given by section 4986 may be exercised in term time or in vacation, summarily, by the circuit court, or by the circuit justice or the circuit judge. In the early case of Coit v. Robinson, 19 Wall. 274, the supreme court had occasion to contrast the provisions of the bankrupt law touching the appellate jurisdiction of the circuit court with the clause conferring the general supervisory jurisdiction, and in its opinion the court distinctly declared that an appeal by the assignee from the decision of the district court, allowing the claim of a supposed creditor, belonged to one of "four classes of cases under the bankrupt law," in which "appellate jurisdiction may unquestionably be exercised by the circuit courts." We find nothing to the contrary in any later utterance of that court.

To the argument based upon the supposed incongruity between the method of review contemplated by the courts of appeals act and the course of procedure prescribed by section 4984, Rev. St., it is enough, at present, to say that that section relates to an appeal by a creditor, and does not in terms apply to such a case as the one now before us. Upon a careful consideration of the whole subject, our conclusion is that the appellate jurisdiction of the circuit court in the class of cases to which the present case belongs was abolished by the act of March 3, 1891, and such appellate jurisdiction was transferred to the circuit courts of appeals.

It is, indeed, here further contended that the order of the district court was not a "final decision," within the meaning of section 6 of the act of March 3, 1891, but the order was a finality for all prac-

tical purposes, and, as under the old system it would have been reviewable by the circuit court, so under the existing law it falls within the appellate jurisdiction of this court.

We pass, then, to the consideration of the merits of the controversy. The first assignment of error goes to the supposed insufficiency of the proof of the consideration of the debt alleged to be due to the appellee, and the third assignment relates to the delay in offering the proof. We have carefully examined the record, and are of opinion that neither of these assignments is well founded. After a thorough investigation of the claim, the register in bankruptcy held the proof to be sufficient, and we think rightly. The evidence in support of the claim is entirely satisfactory to us, and the court below did not err in overruling the assignee's first objection to the proof. The delay of the creditor in tendering the proof was satisfactorily explained. He, like most of his fellow creditors, postponed making proof, because until recently there was no fund for distribution, nor expectation of any. There was no undue delay by the appellee after the assignee filed his account, and a meeting of creditors to declare a dividend was called.

But the appellant earnestly contends (and this is the subject-matter of the second assignment) that the appellee was debarred by section 5075, Rev. St., from proving his debt, because, prior to the adjudication in bankruptcy, he obtained a lien upon property in the state of Michigan, of the bankrupt John Carrier, by an attachment, and that the value of the attached property was never ascertained by agreement, or by a sale under the direction of the court, nor was the property released and delivered up to the assignee. It, however, appears that the attachment was made within four months next preceding the commencement of the bankruptcy proceedings, and therefore, by virtue of section 5044, it was dissolved, by operation of law, upon the execution of the assignment in bankruptcy. Furthermore, very shortly after the attachment was issued, the district court, (the court below,) upon the petition of Andrew F. Baum, a creditor of John Carrier, and upon the allegation that the attachment was void, issued a writ of injunction against the attaching creditor, restraining him from interfering, by execution, levy, sale, or otherwise, with the property or estate of John Carrier, the bankrupt. The injunction was promptly served on the attaching creditor, and was obeyed by him; and he never realized anything from his attachment. Upon this state of facts the court below held that the attaching creditor was not debarred from proving his debt. In that conclusion we entirely concur. It is idle to suggest that the injunction was procured by a person who had no title to and no authority over the attached property. An assignee not having yet been chosen, it was, we think, competent for the court to act at the instance of a creditor. But even if irregular, the injunction bound the appellee, and was respected by him. Never having been dissolved by the court, it continued to be operative after the appointment of the assignee. Moreover, we agree with the learned judge below, that the case does not come within the purview of section 5075. With the adjudication and assignment in bankruptcy the attachment fell,

and the title to the property passed to the assignee unincumbered by any lien arising therefrom. We discover nothing whatever in the evidence which should deprive the appellee of the dividend awarded to him. The order of the court below is affirmed.