CATHARINE COMYNS and Another, as Executors, etc., of WILLIAM COMYNS, Deceased, Respondents, *v.* WILLIAM B. RIKER, Appellant, Impleaded with Others.

*Transfer of personal property, valid as to the parties thereto and void as to creditors — set aside only to the extent of the creditor's claim and costs.*

Where a transfer of personal property is valid as between the transferrer and transferee, the court in an action brought by a creditor of the transferrer to set aside the transfer as fraudulent to him, will, in a proper case, set the transfer aside only as far as it is necessary to do so in order to pay the amount due to the plaintiff as fixed by his judgment and the expense of executing it.

The judgment in such action, setting aside the transfer and appointing a receiver of the defendant's property, should provide that upon the satisfaction of the plaintiff's judgment and the payment of the expenses of enforcing it, the property be returned to the transferee.

APPEAL by the defendant, William B. Riker, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of May, 1894, upon the decision of the court rendered after a trial at the New York Special Term, adjudging certain transfers fraudulent and void and appointing a receiver of the property received by the appellant under or by virtue of the transfers so adjudged to be fraudulent and void.

*Dennis McMahon*, for the appellant.

*John J. Adams*, for the respondents.

PER CURIAM :

This action was begun June 30, 1892, by a judgment creditor of William H. Riker to set aside a transfer of personal property by him to William B. Riker as fraudulent and void as against creditors. By the twelfth finding of fact it is found that the appellant, the transferee, was not the creditor of William H. Riker, his son, the transferrer, in an amount equal to the value of the property transferred, and by the thirteenth finding the court found that the transfer was made by William H. Riker to said William B. Riker "with the intent on the part of said William H. Riker to hinder, delay and defraud the creditors of said William H. Riker, including the said William Comyns, and said transfer was accepted by said William B. Riker, with notice of said fraudulent intent, and said William B. Riker was a party to said fraudulent act." Upon an examination of the record we are of the opinion that the findings are sustained by the evidence.

The claim of the plaintiffs amounts to $5,095.92, with interest from April 7, 1892, besides the costs recovered by the judgment, $534.25. By the judgment the transfer of personalty, valued at more than $90,000, was set aside as fraudulent as against creditors, and a receiver was appointed, who was directed to convert the property into money. The following is the sixth conclusion of law :

" 6. That the receiver be directed to take said moneys, notes and accounts, and out of the proceeds thereof to pay the plaintiffs' judgments, with costs of this suit, and hold the balance subject to the further order of this Court."

As between the transferrer and transferee the transfer was valid and the court should not have set it aside, except in so far as it was necessary to pay the amount due the plaintiffs as fixed by the judgment and the expenses of executing it.

The judgment should be modified by providing that the transfer be set aside as against the plaintiffs, and that upon the satisfaction of the judgment and the payment of the expenses of enforcing it, the property be returned to the appellant. In case other creditors have acquired liens on the property, it will remain subject to such liens. On the settlement of the judgment the appellant sought to have this provision incorporated in it, but was unsuccessful, and an appeal became necessary to remedy this error. The appellant is

entitled to recover the costs of this appeal, to be deducted from the amount of the plaintiffs' recovery. As modified the judgment is affirmed.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment modified as directed in opinion, and affirmed as modified.