WEBB et al. v. YORK.

(Circuit Court of Appeals, Eighth Circuit.   May 18, 1896.)

No. 796.

CIRCUIT COURT OF APPEALS—JURISDICTION—APPEAL FROM ORDER OF DISTRICT
     JUDGE.
     The circuit court of appeals has jurisdiction of an appeal from a final
     decision of a district judge at chambers in a habeas corpus case, as well
     as from a final decision of a district court.

Appeal from an Order of the Judge of the District Court of the
United States for the District of Colorado.

Tyson S. Dines (Charles J. Hughes, Jr., and Branch H. Giles were
with him on the brief), in support of the motion.

James H. Blood (Gustave C. Bartels was with him on the brief),
contra.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.    This is a motion by Emma G. York,
the appellee, to dismiss the appeal.    It is shown by the record that
the appellee, being in the custody of Elias H. Webb and others,
under a warrant issued for her arrest by the governor of the state
of Colorado, in obedience to a requisition made by the governor
of the state of California for her apprehension and return to that
state, applied to the Honorable Moses Hallett, United States dis-
trict judge for the district of Colorado, for a writ of habeas corpus
to secure her release from imprisonment; that such writ was is-
sued, and that, after a hearing had before the district judge at
chambers, the appellee was discharged from custody, whereupon
Elias H. Webb and others, the appellants, prosecuted an appeal
from the order directing a discharge.    The present motion to dis-
miss said appeal raises the question whether an appeal lies to this
court from an order made by a district judge at chambers in a
habeas corpus proceeding, directing the discharge of a prisoner.
Prior to the act of March 3, 1891, creating circuit courts of appeals
(26 Stat. 826, c. 517), an appeal lay from such orders to the circuit
court for the district by virtue of section 763, Rev. St. U. S., which
reads as follows:

"Sec. 763. From the final decision of any court, justice or judge inferior
to the circuit court, upon an application for a writ of habeas corpus or upon
such writ when issued, an appeal may be taken to the circuit court for the
district in which the cause is heard.   *   *   *"

In the case of U. S. v. Fowkes, 3 U. S. App. 247, 3 C. C. A. 394,
53 Fed. 13, it was held that the act of March 3, 1891, supra, oper-
ated to divest the circuit courts of their appellate jurisdiction in
habeas corpus cases, under section 763, and that by virtue of
the provisions of the act of March 3, 1891, the various circuit
courts of appeals had acquired the jurisdiction to review the deci-
sions of district courts in habeas corpus cases that had previously
been exercised by the circuit courts.    This conclusion, we think,

was fairly warranted by the following clause of section 4 of the act of March 3, 1891, to wit:

"Sec. 4. That no appeal, whether by writ of error or otherwise, shall here-after be taken or allowed from any district court to the existing circuit courts, and no appellate jurisdiction shall hereafter be exercised or allowed by said existing circuit courts, but all appeals by writ of error or otherwise, from said district courts shall only be subject to review in the supreme court of the United States or in the circuit court of appeals hereby established. * * *"

See, also, Duff v. Carrier, 5 C. C. A. 177, 55 Fed. 433.

The result is that, unless the act of March 3, 1891, is construed as lodging in the circuit courts of appeals the appellate jurisdic-tion, under section 763, from final decisions of district judges, that was previously exercised by the circuit courts, the right of appeal, plainly granted by that section, from final decisions of district judges at chambers in habeas corpus cases is lost, and becomes valueless, because no court has been designated to which appeals in such cases may be taken. We think it clear that it was not the purpose of congress to thus legislate. If it had intended to abol-ish the right of appeal from the decisions of district judges in ha-beas corpus cases, it would doubtless have done so in plain and direct terms. The fact that the right of appeal was not thus abolished furnishes a persuasive inference that congress intended to designate a court to hear and determine such appeals. In Mc-Lish v. Roff, 141 U. S. 661, 666, 12 Sup. Ct. 118, and in Lau Ow Bew v. U. S., 144 U. S. 47, 12 Sup. Ct. 517, it was said, in substance, by the supreme court of the United States that it was the purpose of the act of March 3, 1891, to distribute the entire appellate ju-risdiction theretofore exercised by the federal courts between the supreme court of the United States and the circuit courts of ap-peals that were thereby established. This intent, we think, is plainly apparent from the terms of the act. Moreover, the act in question very much enlarged the right of appeal, and that was one of its chief objects. In no single instance, so far as we are aware, was a previous right of appeal abolished. We think, therefore, that it may be fairly concluded that it was the intention of congress to confer on the circuit courts of appeals the right to hear appeals from final orders made by district judges in habeas corpus cases, as well as to hear appeals from final decisions of district courts made in such cases. We can conceive of no reason why the right should be denied in the one case and granted in the other, and such we be-lieve was not the intent of the lawmaker. In the case of U. S. v. Gee Lee, 7 U. S. App. 183, 1 C. C. A. 516, 50 Fed. 271, it was held that the words "the judge of the district court for the district" as used in an act of congress, were equivalent to the words "district court for the district." By a similar latitude of construction, the intent being clear, we think that section 4 of the act of March 3, 1891, may be held to authorize an appeal to the United States circuit court of ap-peals from a final decision of a district judge at chambers in a habeas corpus case, as well as from a final decision of a district court. The motion to dismiss the appeal is accordingly denied.