HOSKINS et al. v. FUNK.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1917.)

No. 3023.

COURTS ⬅️405(3)—CIRCUIT COURT OF APPEALS—DECISIONS REVIEWABLE.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1133 [Comp. St. 1913, § 1120]) § 128, gives the Circuit Court of Appeals appellate jurisdiction to review by appeal or writ of error final decisions in the District Court, while section 129 (Comp. St. 1913, § 1121) provides that when in vacation an injunction is granted or receiver appointed, etc., an appeal may be taken from such interlocutory order or decree. No statute purports to confer on the Circuit Court of Appeals the jurisdiction conferred by Rev. St. § 763 on the Circuit Court to review the final decisions of any court, judge, or justice upon an application for a writ of habeas corpus or upon such writ when issued. *Held*, that the Circuit Court of Appeals is without jurisdiction of an appeal from an order made by the District Judge in vacation on the hearing of the issue raised by petition for habeas corpus and the return thereto.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097, 1099.]

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Petition by F. W. Funk for writ of habeas corpus against George C. Hoskins and others. From an order made by the judge in vacation, respondents appeal. Appeal dismissed.

J. W. George, U. S. Atty., and J. P. Alexander, Asst. U. S. Atty., both of Jackson, Miss., and Maj. S. T. Ansell, Judge Advocate, War Department, of Washington, D. C., for appellants.

W. H. Cook, of Hattiesburg, Miss., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The matter sought to be reviewed in this case is an order made by the District Judge in vacation on the hearing of the issues raised by a petition for the writ of habeas corpus and the return thereto. That order is not embraced by the language of the provision of section 128 of the Judicial Code that:

"The Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the district courts," etc.

See Lambert v. Barrett, 167 U. S. 697, 15 Sup. Ct. 722, 39 L. Ed. 865; Carper v. Fitzgerald, 121 U. S. 87, 7 Sup. Ct. 825, 30 L. Ed. 882; Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399.

It is not an order of the District Judge in vacation which is made subject to review by this court by section 129 of the Judicial Code. No statute has been found which purports to confer on this court the jurisdiction which section 763 of the Revised Statutes conferred on the Circuit Court to review "the final decision of any court, justice, or judge inferior to the circuit court, upon an application for a writ of habeas corpus or upon such writ when issued." The conclusion reached in the case of Webb v. York, 74 Fed. 753, 21 C. C. A. 65, that, notwithstanding the absence of such a statute, the Circuit Courts of Appeals have in some way succeeded.to the jurisdiction which the statute just quoted conferred on another court, is one in which we are unable to concur. The reasoning by which that conclusion was reached does not seem to us to be convincing. We have found no statute having the effect of conferring upon this court appellate jurisdiction to review such an order made by a District Judge in vacation as the appeal in this case seeks to present for review.

As, in our opinion, the appeal taken was unauthorized by law, it must be dismissed; and it is so ordered.