## UNITED STATES ex rel. GEORGIAN v. UHL, Acting Com'r of Immigration.[*]

(Circuit Court of Appeals, Second Circuit. February 2, 1921.)

No. 121.

1. **Aliens ⬅54—Review of deportation proceedings limited.**
   Deportation proceedings are reviewable by the courts only on habeas corpus, and such review extends only to the inquiry whether the powers of the executive have been exceeded.

2. **Aliens ⬅54—Review of deportation proceedings limited.**
   While the courts may inquire on habeas corpus as to whether deportation proceedings have been fair, the rules of evidence do not in strictness apply, and the hearing, though it must be fair, may be summary, and the finding of facts made by the executive department is conclusive.

3. **Aliens ⬅53—Advocating overthrow of government ground for deportation.**
   An alien resident, who is opposed to the government of the United States, and who publishes propaganda intended to eventually result in or facilitate its overthrow, *held* subject to deportation under the statute, though he does not advocate its immediate overthrow by violence.

   Ward, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by Alexis Georgian against Byron H. Uhl, Acting Commissioner of Immigration at the Port of New York. From an order discharging the writ, petitioner appeals. Affirmed.

Georgian is an alien, born a Russian subject, resident in the United States since 1900, and in Minneapolis since about 1908. His occupation is that of a publisher and bookseller. Deportation proceedings having been instituted against him by the Department of Labor, a hearing was had, throughout which he was represented by counsel, and at which he personally testified at length, and the publications put out by him, or sold by him, were to a considerable extent put in evidence.

As the result of the hearing he was ordered deported on the grounds: (a) That he had been found advocating the overthrow by force or violence of the government of the United States; (b) that he had been found advocating or teaching the unlawful destruction of property. He thereupon took out this habeas corpus, after hearing was remanded, and took this appeal.

Royal W. France and Charles Recht, both of New York City, for appellant.

Francis G. Caffey, U. S. Atty., of New York City (David V. Cahill, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1, 2] That deportation proceedings are wholly administrative is settled.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. —, 41 Sup. Ct. 623, 65 L. Ed. —.

The Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040. Review by the District Court, or on appeal by this court, is limited to habeas corpus (United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917); and such review extends only to the inquiry whether the discretionary powers of the executive (large as they are) have been exceeded. There is no judicial power to review or reverse a finding of fact based upon evidence. Low Wah v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165; Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114. And this court has recently pointed out that, while we may inquire on habeas corpus as to whether the deportation proceedings have been fair, the rules of evidence do not in strictness apply (Diamond v. Uhl [C. C. A.] 266 Fed. 34), and the hearing, though it must be fair, may be summary, and the findings of fact made by the Executive Department are conclusive (Rakics v. Uhl [C. C. A.] 266 Fed. 646).

[3] This petitioner is obviously a man of education, and by his command of languages and acquaintance with affairs well able both to defend himself and to lead others. But mere personal abstention from violence, or even from violent language, does not secure immunity, if the result of the gentlest and most guarded speech is to advocate or teach that which the statute condemns. The "philosophic" anarchist is an anarchist nevertheless. Lopez v. Howe, 259 Fed. 401, 170 C. C. A. 377. Since in this or in any similar case we cannot be concerned with the weight of the evidence, but only with the existence thereof, it is not useful to state or comment upon what Georgian was proved to have done, what he admitted having done, or what he himself said of his own teachings, advocacy, or opinions.

We express no opinion as to the result upon our minds of the evidence adduced at the deportation hearing, beyond this, viz. there was evidence, indeed it was admitted, that though he did not and does not believe in the immediate overthrow of the government of the United States that position is not the result of any affection for the same or approval of this republic, nor of any objection to force and violence per se, but only results from an opinion that the time is not ripe. Ripeness is to be attained by teaching, and by the dissemination of the style of literature which it is his business to circulate; when the time is ripe, it is to be hoped that force and violence will not be necessary, but they will be appropriate as soon as they are likely to prevail.

However fantastic the above-outlined social program may seem, it is impossible to say that a professed and avowed effort to hasten its consummation is not evidence of that which the statute forbids.

On these grounds the order below is affirmed.

WARD, Circuit Judge (dissenting). While I think the relator had a fair trial, I am sure there was no proof whatever of the charges upon which he is being deported, viz. that he advocated the overthrow of the United States government by force or violence, or that he advocated or taught the unlawful destruction of property. There was proof of conversations with various government witnesses before his

arrest as to his beliefs, but they admitted that they had never heard him advocate the things for which he is being deported.

In the deportation proceeding, after his arrest, he was minutely examined as to his beliefs, and admitted that in his opinion the soviet form of government would be the best form for this country, but advocated bringing it about by persuasion and absolutely repudiated the use of force or violence. His examination throughout displays, in my opinion, a perfectly frank and conscientious statement of his beliefs, which, whether the immigration authorities like them or not, cannot be used to sustain the charge for which he is being deported.

Knowledge of the contents of all the books he sells in his book store cannot be imputed to him, much less approval of all they contain.

I think the order should be reversed.