---

## In re WOOD.

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

### No. 48.

1. **Bankruptcy ⟷440—Summary order requiring payment of money to trustee reviewable only on petition to revise.**

    A summary order of a court of bankruptcy, requiring third persons to pay over money to a trustee, is an administrative order made in the ordinary course of the proceedings, and reviewable only on petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608, subd. [b]).

2. **Bankruptcy ⟷288(1)—Adverse claimants cannot be required to turn over property by summary order.**

    A court of bankruptcy is without jurisdiction, without their consent, to require third persons, by a summary order, to surrender to a trustee property claimed by them, and of which they are in full possession.

3. **Bankruptcy ⟷279—Trustee not entitled to recover rent from tenants of property while in possession of fraudulent grantee.**

    Where a conveyance by bankrupt of an undivided interest in real property was set aside at suit of his trustee, several years after the bankruptcy, as a fraud on his creditors, the trustee *held* not entitled to recover from tenants in common of the property rents which accrued from or were collected by them prior to the decree.

4. **Bankruptcy ⟷288(1)—Adverse claimants held not to have waived objection to summary jurisdiction.**

    Adverse claimants of property, who, on being served with an order to show cause before a referee why they should not turn over the same to the trustee, applied to the District Court to set aside such order, *held* not to have waived objection to the summary jurisdiction of the court, nor did they waive such objection by waiting until the accounting ordered had been taken, and an order requiring them to pay over money to the trustee had been entered before filing a petition to revise.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of James T. Wood, bankrupt; Joab H. Banton, Trustee. This is a petition to revise, and also an appeal from, an order, dated February 5, 1921, confirming the report of the referee in bankruptcy, directing the appellant, Isaac G. Terry and Morris J. Terry, to pay over to the trustee in bankruptcy, certain sums claimed to be due to the trustee in bankruptcy on an account between them. Appeal dismissed, and order reversed on petition to revise.

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

P. L. Housel, for appellants.

Arthur Carter Hume, of New York City (Harold E. Lippincott, of New York City, of counsel), for trustee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. James T. Wood, Isaac G. Terry, and Morris J. Terry owned, as tenants in common, real property situated at Sayville, Long Island. The property is a two-story frame store building and barn. The Terrys each owned a one-fourth interest, and Wood owned the other one-half. This one-half interest vested in Wood on September 9, 1911. Prior to that time he had a less interest in this one-half, together with other members of his family. The Terrys became vested of their one-half of the property through the death of their father in 1893. The property was vested in the family of Wood since 1849, and was used by the petitioners as a place of business until May 15, 1915. For years prior to the adjudication in bankruptcy of Wood, the petitioners paid the Wood owners an annual rental of $200, less one-half of the taxes, insurance, and repairs. There was no lease or other formal agreement entered into. From May 15, 1915, until the commencement of this proceeding, it was not occupied continuously, but it was rented to various tenants from time to time. On May 8, 1912, Wood conveyed his interest in the property to Nancy Harrison, and on July 19, 1912, he was adjudicated a bankrupt on an involuntary petition dated June 4, 1912, and the present trustee in bankruptcy was appointed September 26, 1912. The conveyance to Nancy Harrison was adjudicated fraudulent and void as to the trustee on January 10, 1920. During this ownership in common, the care of the property devolved entirely upon the petitioners. They paid the taxes and repairs, and kept the property insured for the benefit of themselves and the members of the Wood family during their respective ownership, and later for the benefit of Nancy Harrison after the conveyance to her.

On January 14, 1920, the referee in bankruptcy granted an order ex parte, which was served upon the petitioners, directing them to show cause why they should not account for all income, receipts, and profits of the property heretofore jointly owned by the bankrupt herein and the said petitioners, and "then and there to pay over in cash to the trustee herein all the amounts due or found to be due to said trustee." Other relief was prayed for. On July 20, 1920, the petitioners, on application to the District Court, obtained a stay of these proceedings under the referee's order, and directed that cause be shown on July 29, 1921, before the court, why the order should not be wholly vacated and the petition dismissed. On July 24, 1921, on an ex parte application, the District Judge modified his order, so as to allow the referee to proceed with the accounting ordered by the referee, and directed the petitioners to appear for that purpose before the referee on July 27, 1921. It thus appears that the accounting was summarily ordered without the petitioners' opposition having been heard, and counsel for them, believing that he had a legal excuse for not appearing on July 27th, advised his clients accordingly, and they did not

appear before the referee. His excuse was held insufficient by the referee, and their failure to appear resulted in their being certified in contempt. The taking of testimony in the absence of the petitioners commenced, and was adjourned until July 29, 1920, on which day the application to vacate the referee's order came on to be heard in the District Court, and, upon representation made to the District Judge that they were in contempt, they were refused a hearing of their motion until they purged themselves of their contempt by appearing before the referee. They were directed by an order to show cause on August 5, 1920, why they should not be punished for contempt.

One of the petitioners appeared on the 29th before the referee, and was examined as to the matters relating to the account. When the motion to vacate the referee's order was heard, it resulted in the petitioners being directed to account "for the use, income, receipts, profits, and enjoyments, occupancy, and benefits of the property of the bankrupt," and they were directed to file a statement of all moneys and property "received by them in their hands for which they are accountable, having to do with the property of the bankrupt herein," and to appear before the referee on September 24, 1920, and thereafter submit to an examination as to said accounting and, upon full compliance therewith, it was ordered that the motion to punish them for contempt be denied. By a separate order, the motion to vacate the referee's original order was in all respects granted, except as to the accounting. Under the direction of these orders, an account was filed, to which the trustee filed objections. Hearings were had, and it resulted in an order of the District Court directing the petitioners to pay the balance of $2,809.25.

[1] Upon this appeal, the propriety of the District Court granting this order is challenged, as well as the result reached upon the accounting had. The summary nature of the order appealed from is clearly an administrative order in the ordinary course of bankruptcy between the filing of the petition and the final settlement of the estate. Its character indicates the proceeding that should be undertaken for its review. We think it should be reviewed on a petition to revise, rather than by an appeal. Hoskins v. Funk, 239 Fed. 278, 152 C. C. A. 266. It was apparently intended to be in the nature of a turn-over proceeding, and the petition to revise is the only remedy. In re Shidlovsky, 224 Fed. 450, 140 C. C. A. 654. The appeal will therefore be dismissed.

[2] We think that the trustee mistook his remedy in applying for and securing a summary order. It is within the power of the bankruptcy court to assert and exercise a summary power over the property of a bankrupt, and even against third persons holding property and claiming title, provided such claim is merely colorable or fraudulent. But, inasmuch as such proceeding deprives a person of the usual due process of law, a summary order directing its surrender should be based upon facts which no fair mind can dispute. Louisville Trust Co. v. Comingor, 184 U. S. 24, 22 Sup. Ct. 293, 46 L. Ed. 413. It was never intended to deprive third parties, claiming property of which they were in full possession, of the usual and due process of law. Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481.

[3] The conveyance on May 8, 1912, to Nancy Harrison was adjudicated a fraud on Wood's creditors on January 28, 1920. It was not annulled as a fraud on Wood, and therefore as to him and his heirs it remained a valid conveyance. Byrd v. Hall, 196 Fed. 762, 117 C. C. A. 568; Norton v. Pattee, 68 N. Y. 144; Comyns v. Riker, 83 Hun, 471, 31 N. Y. Supp. 1042. The trustee in bankruptcy has no separate or more extensive rights than that of a judgment creditor in a like case. During the existence of the Harrison title, and until this conveyance was declared void, she could convey or incumber it only subject to the rights of the plaintiff after the filing of the lis pendens. Therefore a tenant, paying rent to Harrison, would be protected as to this payment, and could not excuse nonpayment to Harrison as against the trustee, who succeeded in avoiding the conveyance. A receiver for the payment of the rent may have been appointed in the proceeding to set aside the conveyance. While title was in Harrison, the right to an accounting for the rents collected remained with Harrison. It did not pass from Harrison to the trustee by the force of a judgment. This right to rents does not pass, even with a voluntary conveyance of the land, where there is privity of estate between the grantor and grantee. Edwards v. Cobb (C. C. A.) 264 Fed. 488. And there is no privity of estate between Harrison and the trustee, and no title to the rents accrued passed from Harrison to the trustee. But the trustee's rights in the premises to the rents of the property are protected. One of the incidents of the judgment entered against Harrison was the right of the trustee to require an accounting for the use of rents and profits during the period of her ownership, and this right is exclusive of every remedy against the occupants or cotenants. In re Medina (D. C.) 179 Fed. 929; Hillyer v. LeRoy, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919; Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. 392, 4 L. R. A. 353, 10 Am. St. Rep. 495. Harrison was not called to account by the judgment. Whatever may have been the agreement between the Terrys and Wood while cotenants, it ended at the time of the conveyance to Harrison. Petitioners had no agreement with Harrison and never paid her rent. The oral agreement for occupancy by the petitioners was good up to May 8, 1912. It was an agreement between cotenants, and, as there was no expressed renewal, no inference of renewal can be drawn from continued occupation by the petitioners after May, 1913. Valentine v. Healey, 178 N. Y. 391, 70 N. E. 913; Burchell v. Burchell, 96 Misc. Rep. 600, 160 N. Y. Supp. 805. And a valid lease for more than one year must be in writing. Real Property Law N. Y. (Consol. Laws, c. 50) § 259. In this proceeding the petitioners have been held responsible for rentals which accrued during the Harrison title.

These and other questions which were argued at bar satisfy us that the petitioners have a defense to the claim for the rents which they collected, and which they are now in part directed to pay over to the trustee. It is more than colorable, and is substantial. It is a controversy which should be determined in a plenary action, and not by summary order. The remedy pursued by the trustee is erroneous.

[4] Nor did their conduct amount to a waiver or consent to this

summary proceeding. The proceeding cannot, by the filing of the petition before the referee, summon the petitioners to account. The petitioners might have objected by answering or demurring before the referee. This would have been the proper practice. But they did object, as indicated by their obtaining an order to show cause why the referee's order should not be vacated, and it resulted in the vacation of the order, except as to the requirements of the accounting.

The mere fact that the order entered recites it was granted on motion of the attorney for the petitioners does not constitute a waiver. They had succeeded in part and were defeated in part on their application. No mere recital of the order having been granted on motion of their attorney, under these circumstances, can be said to be a waiver of the right to object to the procedure. A petitioner can appeal from an order which is entered on his application. Butte Co. v. Montana Co., 121 Fed. 524, 58 C. C. A. 634. That part of the order which required an accounting was interlocutory, and not final. They may have filed a petition to revise, and this court may have considered the question of jurisdiction. In re Schaffner (C. C. A.) 267 Fed. 978. But it is apparent that, upon the hearing of the motion to confirm the report of the referee in the District Court, the question of jurisdiction was argued. The want of jurisdiction is now assigned as error. We think it clear that, under the facts disclosed by the record, there was no jurisdiction to proceed in this summary manner. The petitioners did not lose their right to question this jurisdiction by waiting for the final order confirming the report of the referee.

For these reasons, the order is reversed.