**LISOTTA v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit. December 13, 1924.)

No. 4435.

1. **Aliens** ⬚⟷54—**Finding of grounds for deportation by department not conclusive.**

A finding by the Department of Labor that an alien, regularly admitted as an immigrant, was at the time of his entry likely to become a public charge, within Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), on which an order for deportation was based, is not conclusive on the courts, if it is shown that the authority was abused, or not fairly exercised, or that there was an abuse of discretion.

2. **Aliens** ⬚⟷54—**Order for deportation must be supported by evidence.**

The decision on which an order of deportation is based must be made after a hearing, in good faith, and be supported by adequate evidence, which justifies the order under the reason assigned therefor.

3. **Aliens** ⬚⟷53—**Deportation on ground that alien was likely to become a public charge at the time of admission not warranted.**

That a young man, literate, sound in mind and body, who was regularly admitted as an immigrant three years prior to his arrest, who has since been industrious, and earned good wages, and who has otherwise been well-behaved, pleaded guilty to a single violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), for which he has been punished, does not warrant his deportation on the ground that at the time of entry he was likely to become a public charge.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Petition of Francesco Paolo Lisotta, alias Frank Lisotta, for writ of habeas corpus. From a decree denying the writ, petitioner appeals. Reversed and remanded.

M. G. Adams, of Beaumont, Tex., for appellant.

S. D. Bennett, Asst. U. S. Atty., of Beaumont, Tex.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

CLAYTON, District Judge. On August 14, 1924, the appellant, Francesco Paolo Lisotta, filed his petition in the United States District Court, Eastern District of Texas, for the writ of habeas corpus and for his discharge from the arrest and detention by E. R. Dilworth, the Immigrant Inspector at Port Arthur, Tex.

The Inspector, in his answer to the petition, admitted that he held Lisotta, now the appellant here, at Beaumont, Tex., under a warrant of arrest dated June 10, 1924, and under a warrant for deportation dated July 26, 1924; the warrants having been issued by the Second Assistant Secretary of Labor and against Lisotta as an alien. The first one commanded that the Inspector "take into custody the said alien [Lisotta] and grant him a hearing to enable him to show cause why he should not be deported in conformity with law." No complaint is made before us that such hearing was not had before the immigrant inspector.

And the other warrant, styled "Warrant—Deportation of Alien," recited that:

"Whereas, from proofs submitted to me, after due hearing before Immigrant Inspector Eugene R. Dilworth, held at Beaumont, Tex., I have become satisfied that the alien, Francesco Paolo Lisotto, alias Frank Lisotto, who landed at the port of New York, N. Y., ex steamship Patria on the 21st day of January, 1921, has been found in the United States in violation of the Immigration Act of February 5, 1917, to wit, 'that he was a person likely to become a public charge at the time of his entry,' and may be deported in accordance therewith:

"I, Robe Carl White, Second Assistant Secretary of Labor, by virtue of the power and authority vested in me by the laws of the United States, do hereby command you to return the said alien to Italy the country whence he came, at the expense of the appropriation 'Expenses of Regulating Immigration, 1925.' You are directed to purchase transportation for the alien from Galveston, Texas, to his home in Italy at the lowest available rate, the expense thereof, as well as those incident to placing him on board vessel, including the services of an attendant, if necessary, at the usual rate, are authorized, payable from the above-named appropriation. He may be permitted to reship foreign one way in lieu of deportation and such action on his part will be considered a satisfactory compliance with the terms of this warrant. Execution of this warrant should be deferred until said alien has been released from prison by the proper authorities."

The hearing before Judge Estes for habeas corpus was had on an agreed statement of facts. The writ was denied, the petition dismissed, and appellant was remitted to the custody of the immigrant inspector for deportation; hence the appeal to this court.

The testimony upon which the case was tried was substantially as it is hereinafter stated:

Francesco Paolo Lisotta, the appellant, is 26 years of age and a native of Italy. He left that country in January, 1921, as a second-class passenger on the steamship Patria, and landed in New York in the same month, having paid $100 for his passage to New York out of money that he had earned in Italy, and when admitted into New York he had other Italian money which he converted into $24 of domestic currency. It was shown that at the time of his admission appellant was duly examined at the quarantine station at Ellis Island on January 21, 1921; that he could read and write in the Italian language; that he was mentally and physically sound; and that at the time of his admission into the United States he was passed upon as and held to be a person properly entitled to come in as an immigrant.

He served in the Italian army during the World War, where he sustained injury to the index finger of his right hand; but this did not detract from his ability to do hard manual labor. He is now, and has been at all times, healthy and vigorous. Since he came into the United States and until his arrest in December, 1923, or January, 1924, upon a charge of having violated the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), he was constantly engaged in good paying hard work, sometimes in constructing railroad tracks, and at other times in digging ditches or laboring at a sawmill. He married Mary Torrita, of American birth, at Morgan City, La., in October, 1923. Before and at the time of his arrest he was living with his wife at Port Arthur, Tex., and he bought and owned household furniture, valued at $250, and a watch.

Appellant admitted that he had pleaded guilty to the violation of the Prohibition Law; that is, that he had made three gallons of whisky for his own use, but did not sell any of it. Prior to his arrest for the violation of the Prohibition Act, he had never been accused of or apprehended for any crime or misdemeanor. For the one offense named he was sentenced by the United States District Court, Eastern District of Texas, on April 7, 1924, to serve three months in jail and to pay a fine of $300. After he had been in jail four months he took the oath provided for by the statute in such case, the sentence was satisfied in full, and he was discharged from further imprisonment.

Without objection it was stated as a part of the testimony that it was his intention to become a naturalized American citizen as soon as the law would allow, and that if discharged from custody he could and would get employment to support himself and wife; further, that he was not going to violate the laws of the United States, that he would engage in hard work as he had done in the past, that his place of employment with the Texas Company, where he had been earning $3.60 a day in digging ditches and the like work, was open to him, and that he had other offers of useful employment upon his discharge from legal custody.

The testimony of four citizens of Port Arthur, Tex., was adduced to the effect that the appellant is a man of good character, had never been charged with or arrested for

any offense, except for said violation of the Prohibition Law, has always been industrious and a hard worker, earning a living for himself and wife, and is able-bodied and in good health, and if permitted to do so could get useful remunerative employment.

The immigrant inspector, Dilworth, testified in effect that in his official capacity he had made the required investigation in this case upon the receipt of the warrant from the Department of Labor, and substantially and at length had reported the foregoing facts with his conclusion thereon, to the Secretary of Labor, recommending the deportation of the appellant, and that thereupon the warrant of deportation under which he was holding the appellant was duly issued and delivered to him.

On the habeas corpus hearing the inspector urged that the writ be denied, the petition for it be dismissed, and the alien be committed to him for deportation to Italy, and judgment in such proceeding was entered August 20, 1924, "that the application and petition for writ of habeas corpus filed herein be and the same is hereby dismissed, and the said alien applicant remanded to the custody of the respondent, E. R. Dilworth, immigrant inspector in charge of the United States Immigration Service, Port Arthur, Texas, for deportation to Italy under the warrant of deportation issued by the Second Assistant Secretary of Labor Robe Carl White, to which ruling and order the said applicant alien then and there excepted, and gave notice in open court of his intention to appeal this cause to the United States Circuit Court of Appeals for the Fifth Circuit."

It may be observed that neither in brief nor argument before us was it questioned that the appeal to this court in this habeas corpus proceeding is permissible, although the case may have been tried by the District Judge in vacation. Craig v. Hecht, 263 U. S. 274, 44 S. Ct. 103, 68 L. Ed. 293, citing with approval Webb v. York, 74 F. 753, 21 C. C. A. 65.

Now, coming to the question to be decided here, attention is called to the fact that the warrant for the arrest of Lisotta, appellant, and under which the immigrant inspector made the required investigation of the case, and also the warrant for his deportation, were each predicated upon the one specific accusation, namely, "that he was a person likely to become a public charge at the time of his entry." And the record shows that the trial before the District Judge was limited to the ascertainment of the truth or falsity of this one particular charge. No

other was stated in the pleadings or judgment.

The grievance complained of by the appellant is that there was no evidence to show that at the time of his entrance into the United States he was a person likely to become a public charge; therefore that, the finding of the Secretary of Labor that he was such a person at such time being without support in fact, his (appellant's) detention is unlawful, and that there is no legal cause for his deportation.

[1] It is urged in support of the judgment refusing to release the appellant from the custody of the immigrant inspector that the finding of the administrative officer, here the Second Assistant Secretary of Labor, that Lisotta was on January 21, 1921, a person, when he was regularly admitted to enter the United States as an immigrant, likely to become a public charge and should have been excluded under section 19 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), is conclusive, and was not open to inquiry by the District Court or judge, and that therefore the warrant for the deportation of the alien upon such finding cannot be disturbed, and that Lisotta, the alien, must now be deported. This contention cannot be sound, for the law controlling the administrative authorities does not, and indeed could not, confer such autocratic power. It is true that under the act of Congress such administrative officer has large discretion in the exercise of the powers committed to him, and wisely so, in order that there may be prompt and effective enforcement of the public policy and the law of restrictive immigration, including the deportation of any alien who is forbidden to remain in the United States because his presence is inimical to the public interest. But even this power, as necessary as it may be, is subject to review upon habeas corpus when the administrative officers have manifestly abused the power and discretion conferred upon them.

The controlling rule is that, if the proceedings for deportation are fairly conducted as authorized by the statute, and the finding sustaining the charge preferred for deportation is supported by substantial evidence, then in such case, and in such case only, is the decision of the department or administrative officer conclusive upon the courts. To hold to the contrary would be to say that the alien, "the stranger in our midst," has no right to remain here, although he may have legally come in and is guilty of no offense denounced by law as cause for deportation, if the judgment or

whim of an administrative officer shall have decreed his expulsion upon any ground that he might deem sufficient in law and fact. Congress never intended to confer, and, moreover, it could not have conferred, such power. The alien who has entered with the approval of the immigration authorities (such is the case here) has the right to remain here unless and until it is shown, as directed by the law and· upon some ground given in the law, that his coming in was itself unlawful, or that his remaining here is unlawful as defined in the congressional enactment. Even then it is required that he be accused; then also it must be shown by substantial evidence that he has no right to remain, and therefore is amenable to the deportation provisions of the law.

[2] It is settled that the decision by the Secretary of Labor in such a case as we have here is not conclusive upon the courts, if it be shown that the proceedings were manifestly unfair, or such as to prevent a fair investigation of the case of the alien, or there was abuse of the discretion committed to the administrative officer, or that his authority was not fairly exercised consistently with the principles of justice embraced within the conception of due process of law. Low Wah Suey v. Backus, 225 U. S. 460, 469, 472, 32 S. Ct. 734, 56 L. Ed. 1165; Tang Tun v. Edsell, 223 U. S. 673, 681, 682, 32 S. Ct. 359, 56 L. Ed. 606. And the decision must be made after a hearing, in good faith, and be supported by adequate evidence. Chin Yow v. U. S., 208 U. S. 8, 12, 28 S. Ct. 201, 52 L. Ed. 369; Zakonaite v. Wolf, 226 U. S. 272, 274, 33 S. Ct. 31, 57 L. Ed. 218; Kwock Jan Fat v. White, Com'r, 253 U. S. 454, 457, 458, 464, 40 S. Ct. 566, 64 L. Ed. 1010.

Skeffington v. Katzeff (C. C. A.) 277 F. 129, apparently relied on by the appellee, is not in conflict with the foregoing expressions. True, it was declared there that an alien resident in the United States may be deported for any reason which Congress has determined will make his residence here inimical to the best interests of the government. It was also said that deportation, when ordered by the proper executive officer of the government, is not visited on the alien as a penalty for any crime, and the fact that the reason assigned for his deportation may constitute a crime under the local law does not make the hearing upon deportation the trial in a criminal case, to be conducted under the rules of evidence that apply to such trial. Further, it was said in effect that the decisions of the executive officers charged with the execution of the Deportation Act,

if arrived at after a fair hearing, upon substantial evidence, and with no abuse of the discretion committed by the statute, are final. But, more than this, Circuit Judge Johnson, speaking for the court, said in the opinion that, "while the findings of fact by executive officers are final, yet, if such findings are not authorized by the act or are not sustained by substantial evidence, they may be reversed. Zakonaite v. Wolf, 226 U. S. 272, 274, 33 Sup. Ct. 31, 57 L. Ed. 218; Kwock Jan Fat v. White, 253 U. S. 454, 457, 40 Sup. Ct. 566, 64 L. Ed. 1010. The question, then, presented upon this appeal is narrowed to this: Whether there was any substantial evidence which justified the order of deportation for the reason assigned."

It will be seen from the adjudged cases that the hearing for deportation must have been upon a charge, must have been fair, and the warrant for deportation must have been supported by substantial evidence which justified the order of deportation under the reason assigned therefor. Low Wah Suey v. Backus, supra; U. S. v. Uhl (C. C. A.) 271 F. 676; Zakonaite v. Wolf, supra. The last, the Zakonaite Case, recognizes the established proposition that the District Court, or on appeal the Circuit Court of Appeals, has the power to review by habeas corpus the action of the administrative officer.

[3] Now here, Lisotta, the appellant, a hard-working literate young man of 26 years of age, 23 at the time of his coming in, then and now sound in mind and body, who was regularly and properly admitted into the United States, and who has always been well-behaved, the one infraction of the Prohibition Law excepted, is sought to be deported, but not upon any evidence showing that he was likely when he came in to become a public charge. The record shows that he is now at large, but under bond to answer to the deportation warrant, and is in no sense a public charge. Clearly, there was no condition existing at the time of his entrance making it likely that he would become a public charge. He has been guilty of no wrong since he has been here, except the one infraction of ·the Prohibition Act. The insistence of the government in this case may be reduced to the proposition that he should now be deported because he committed such infraction, although he has been adequately punished for· the same, is now freed therefrom, and is able, ready, and willing to go to work. We cannot assent to the contention.

There being no reason for the deportation of the appellant, the warrant for his deportation should have been declared of no effect and no justification for restraining or deporting him; the writ of habeas corpus should have been made good, and Francesco Paolo Lisotta, appellant, should have been freed from custody or restraint by E. R. Dilworth, the immigrant inspector, and any other officer or agent, under the warrant for detention and deportation.

Our conclusion in this case does not militate against the idea that Congress has the power to make the commission of a crime or even a misdemeanor a cause for deportation. But such a violation of the Prohibition Law by an alien as shown here has not been made a cause for deportation, either expressly or by any sort of stretch or orientation of the National Prohibition Act, or any other act.

The judgment and order appealed from in this case is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.